FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 18 2019 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH A SAMSUNG CELLULAR TELEPHONE SEIZED FROM THE PERSON OF ARRESTEE GLEN HOLLAND ON JULY 16, 2019 (THE "SUBJECT DEVICE") CURRENTLY LOCATED AT THE ALFONSE D'AMATO FEDERAL COURTHOUSE IN CENTRAL ISLIP, NEW YORK | APPLICATION FOR A SEARCH WARRANT FOR AN ELECTRONIC DEVICE<br><br>Case No.<br><br>MJ-19 352 |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, **DANIEL M. FANDREY**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Task Force Officer with the Federal Bureau of Investigation, assigned to the Child Exploitation and Human Trafficking Task Force, and have been since 2016. I have been a Police Officer with the Suffolk County Police Department ("SCPD") since 2007, and a Detective assigned to the SCPD's Computer Crimes Unit since 2015. During the

course of my career, I have participated in the seizure and search of thousands of electronic devices. Moreover, I have received hundreds of hours of specialized training in forensic examinations of computers and other electronic devices, including cellular telephones.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is a Samsung cellular telephone seized on July 16, 2019, from the person of arrestee GLEN HOLLAND (the "SUBJECT DEVICE"). The SUBJECT DEVICE is currently located at the Alfonse D'Amato Federal Courthouse in Central Islip, New York.

5. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

6. On December 15, 1995, the defendant was convicted of possession of child pornography, pursuant to 18 U.S.C. § 2255(a)(2) a felony, and sentenced to 4 months incarceration. While on Supervised Release, the defendant was required to register with the Nassau County Police Department as a sex offender, and did so. Thereafter, in 1998, while on Supervised Release, the defendant again possessed child pornography, admitted to a violation of Supervised Release, and was sentenced to an additional 24 months incarceration.

2

Since his release in approximately 2000, the defendant had been living at a location in Oyster Bay with his mother and registered that address with the Nassau County Police Department as required by the Adam Walsh Act, 18 United States Code, Section 2250 (The "Walsh Act").

7. On June 14, 2019, GLEN HOLLAND was ordered by a Family Court Judge to vacate the Oyster Bay premises. Thereafter, GLEN HOLLAND left the Oyster Bay premises and failed to provide an updated address to the Nassau County Police Department as required by the Walsh Act.

8. Then, on July 16, 2019, GLEN HOLLAND was arrested for failure to report his new residence to the Nassau County Police, which he was required to do within three days of change of residence as required by the Walsh Act. *See* 19-MJ-648 (AYS). HOLLAND was in possession of the SUBJECT DEVICE when arrested.

9. The Device is currently in storage at Alfonse D'Amato Federal Courthouse in Central Islip, New York.

10. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the FBI.

## TECHNICAL TERMS

11. Based on my training and experience, I use the following technical terms to convey the following meanings:

a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. Wireless telephones also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital photographs may contain GEO location information, which records the location of the device at the time the photograph is taken, and stores this information with the photograph. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by either viewing the camera roll or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos like GEO location information.

c. GPS: Cellular telephones contain GPS navigation tools that take snapshots of the device's location at any given time, as do various Apps contained on cellular telephones.

d. WIFI: Wi-Fi is the name of a popular wireless networking technology that uses radio waves to provide wireless high-speed Internet and network connections. Each static WIFI location is typically stored on a cellular device.

12. Based on my training, experience, and research, I know that the SUBJECT DEVICE has capabilities that allow it to serve as a wireless telephone, digital camera, GPS navigation device, maintain Apps and to connect to WIFI. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests where the SUBJECT DEVICE has been.

## FORENSIC ANALYSIS

13. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. I believe that the SUBJECT DEVICE will provide evidence of the location at which GLEN HOLLAND has been residing since June 14, 2019.

14. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device

was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

15. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the SUBJECT DEVICE consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

16. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

17. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted

DANIEL M. FANDREY
Task Force Officer
FBI

Subscribed and sworn to before me
On this 18th day of July, 2019

/s/: Steven I. Locke

STEVEN I. LOCKE
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

The property to be searched is a Samsung cellular telephone seized from the person of arrestee GLEN HOLLAND on July 16, 2019, currently located at the Alfonse D'Amato Federal Courthouse in Central Islip, New York

This warrant authorizes the forensic examination of the SUBJECT DEVICE for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the SUBJECT DEVICE described in Attachment A that relate to violations of 18 USC Section 2250 and involve GLEN HOLLAND since JUNE 14, 2019, including:

   a. Photographs and videos with geographic location information.

   b. Wireless Network Systems (WIFI) to which the SUBEJCT DEVICE has connected;

   c. GPS location information from the media contained on the phone, and any all Apps accessed by the SUBJECT DEVICE and the SUBEJCT DEVICE itself;

   d. Cellular Tower connection information.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.